UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<span>TEPHEN</span> R<span>OBERT</span> N<span>EALE</span> Y<span>OUNG</span>,

       Plaintiff,

v.

U<span>NIVERSITY OF</span> H<span>AWAII</span>, <span>ET AL.</span>,

       Defendants.

_____/

Case No. 19-13559

S<span>ENIOR</span> U.S. D<span>ISTRICT</span> J<span>UDGE</span>
A<span>RTHUR</span> J. T<span>ARNOW</span>

U.S. M<span>AGISTRATE</span> J<span>UDGE</span>
D<span>AVID</span> R. G<span>RAND</span>

**O**RDER TO **S**HOW **C**AUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE **U**NITED **S**TATES **D**ISTRICT **C**OURT FOR THE **D**ISTRICT OF **H**AWAII

Plaintiff, a former law student of the University of Hawaii, brought this suit for injunctive and monetary relief under several federal and state causes of action. Though Plaintiff is currently a resident of this district, the events for which he seeks relief appear to have occurred largely in Hawaii. The Court therefore entertains serious doubts that the Eastern District of Michigan is the proper forum for this litigation.

The doctrine of forum non conveniens "falls within the court's inherent authority." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009). District courts can therefore raise the doctrine *sua sponte*. *Id*.

Courts evaluate a *forum non conveniens* challenge in the same way they would evaluate a motion for transfer under 28 U.S.C. § 1404(a). *Atlantic Marine*

*Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013). That statute reads,

> (a)    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

"[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard." *Atlantic Marine*, 571 U.S. at 61. These factors include both the convenience of the parties and various public-interest considerations, as outlined in *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). A Court should generally weigh ease of access to sources of proof, availability of compulsory process for unwilling witnesses, and cost of obtaining the attendance of willing witnesses. *Piper Aircraft*, 454 U.S. at 235. It should also consider the administrative difficulties that flow from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial of a diversity case in a forum that is at home with the law. *Id*. Courts must also give proper weight to Plaintiff's choice of forum. *Id*.

Plaintiff pleads that many of the events underlying this litigation occurred in Michigan. (Dkt. 1, pg. 22, ¶ 56). He will have to be more specific, given that the complaint mostly concerns events that transpired in Hawaii. On the face of the complaint, the only relationship that Michigan has to this case is that it is the state

in which Plaintiff currently resides. This is especially troubling given that part of the relief which Plaintiff seeks involves enjoining a Hawaii state court in which Plaintiff appears to have pending litigation. (*See* Dkt. # 3, pg. 2-3). Further, at least a majority of the individuals mentioned in the complaint who could potentially be witnesses reside in Hawaii.

Plaintiff pleads that "several factors, which have not explicitly been stated, suggest justice would not be met if this litigation were to be held in the Federal District Court for the District of Hawaii." (Dkt. 1, pg. 23, ¶ 57). If he wants the Court to consider these factors, he must articulate them.

Accordingly,

**IT IS ORDERED** that Plaintiff **SHOW CAUSE** why his case should not be transferred to the United States District Court for the District of Hawaii. The response to this order is due on **January 15, 2020**.

**SO ORDERED**.

Dated: December 16, 2019

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge