UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN ROBERT NEALE YOUNG,

    `     Plaintiff,

v.

UNIVERSITY OF HAWAII, ET AL.,

       Defendants.

_____/

Case No. 19-13559

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER TRANSFERRING THIS CASE TO THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF HAWAII**

Plaintiff, a former law student of the University of Hawaii, brought this suit

for injunctive and monetary relief under several federal and state causes of action.

Defendants have yet to be served. Though Plaintiff is currently a resident of this

district, the events for which he seeks relief appear to have occurred largely in

Hawaii. Doubtful that the Eastern District of Michigan was the proper forum for

this litigation, the Court issued an Order to Show Cause why the Case Should not

be Transferred to the District of Hawaii. [Dkt. # 5]. Plaintiff's Response [7] makes

clear that venue is not proper in this district.

The doctrine of *forum non conveniens* "falls within the court's inherent authority." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009). District courts can therefore raise the doctrine *sua sponte*. *Id*.

Courts evaluate a *forum non conveniens* challenge in the same way they would evaluate a motion for transfer under 28 U.S.C. § 1404(a). *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49, 62 (2013). That statute reads,

> (a)    For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).

"[B]oth § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard." *Atlantic Marine*, 571 U.S. at 61. These factors include both the convenience of the parties and various public-interest considerations, as outlined in *Piper Aircraft v. Reyno*, 454 U.S. 235 (1981). A Court should generally weigh ease of access to sources of proof, availability of compulsory process for unwilling witnesses, and cost of obtaining the attendance of willing witnesses. *Piper Aircraft*, 454 U.S. at 235. It should also consider the administrative difficulties that flow from court congestion, the local interest in having localized controversies decided at home, and the interest in having the trial

of a diversity case in a forum that is at home with the law. *Id*. Courts must also give weight to Plaintiff's choice of forum. *Id*.

## ANALYSIS

Plaintiff pleads that many of the events underlying this litigation occurred in Michigan. (Dkt. 1, pg. 22, ¶ 56). The Court in its Order to Show Cause observed that the only connection between Michigan and this case is that Plaintiff currently resides in Michigan. Plaintiff's response, aside from referencing unnamed witnesses from Michigan, does not dispute this characterization. Of the events giving rise to this suit, none appear to have occurred in, or implicated, Michigan.

Plaintiff pleads that "several factors, which have not explicitly been stated, suggest justice would not be met if this litigation were to be held in the Federal District Court for the District of Hawaii." (Dkt. 1, pg. 23, ¶ 57). The Court asked Plaintiff to articulate those factors, and he has.

First, he has alleged a vast conspiracy among the Hawaiian legal community, wherein University of Hawaii faculty have a corrupt influence over the local judiciary. Putting aside that this theory is unfounded, it is also an insufficient reason to oppose a transfer. [1] "Under [28 U.S.C.] sec. 455(a), a judge must recuse himself when there is even the appearance of judicial bias." *Deuer Mfg., Inc. v. Kent Prod.,*

---

[1] Plaintiff also asserts, with precisely zero evidence, that Hawaiians, especially those of native Hawaiian or Japanese ancestry, are racist. Generalizing about an entire group of citizens is not a basis to resist transfer, however.

*Inc.*, 760 F. Supp. 609, 610 (E.D. Mich. 1989). If, when his case is before a federal court in Hawaii, Plaintiff believes that he will not receive a fair trial, he may file a motion for recusal. The district court's adjudication of such a motion may be appealable. *See, e.g., Scott v. Metropolitan Health Corp.*, 234 Fed. Appx. 341 (6th Cir. 2007). The Court will not rule that a whole state's federal judiciary can be disqualified from hearing a case, merely because the state's public university is a Defendant. *See Easley v. University of Michigan Bd. of Regents*, 906 F.2d 1143 (6th Cir. 1990) (holding that recusal was not warranted where a district judge and his sons were affiliated with the University of Michigan).

Second, Plaintiff argues that transferring the case would threaten the case's viability. Plaintiff represents that the post-traumatic stress disorder he incurred during his time at the University of Hawaii would make it difficult to return to the state. He also observes that it would be difficult for him to litigate a case in Hawaii *pro se* while he lives in Michigan. He has not been successful in retaining counsel in Hawaii.

Though Young's convenience and mental health are certainly factors to consider in determining the proper forum, they are not overriding factors. The Supreme Court in *Piper Aircraft* affirmed the transfer of a case to Scotland even though Scottish law provided a less favorable forum for recovery than the Middle District of Pennsylvania. *Piper Aircraft*, 454 U.S. 261-62. Further, it appears that

Plaintiff has maintained at least one suit in Hawaii in the past. The remedy for his concerns is to hire local counsel or to ask the transferee court to appoint him counsel (as he has stated that he intends to do), not to force the University of Hawaii Defendants to defend a suit in Michigan for events that transpired in Hawaii.

Third, Plaintiff contends that this is a national lawsuit with Defendants from across the country. He argues that only 9 of the 22 witnesses he plans to call reside in Hawaii. Be that as it may, the University of Hawaii Defendants will no doubt have their own witnesses if the case proceeds. More importantly, however vast the conspiracy between Thompson Reuters, the American Bar Association, and the University of Hawaii, the injuries from all the Defendants' alleged actions crystallized, for Plaintiff, in Hawaii, where he was a student. The injuries of which Young complains accrued in Hawaii, even if their after-effects remained when he returned to Michigan.

Finally, if Plaintiff were to be proven correct that the University of Hawaii is corrupt, Hawaiians would have a strong "local interest" in seeing the case tried locally. Plaintiff has not addressed the Court's concern that part of his proposed relief entails enjoining a Hawaiian state court. The Court understands that Plaintiff had a terrible time in Hawaii, but his time in Hawaii is the basis of this suit. The District of Hawaii is therefore the proper forum to litigate this case.

Accordingly,

**IT IS ORDERED** that this case be **TRANSFERRED** to the United States

District Court for the District of Hawaii.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: January 23, 2020          Senior United States District Judge