IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STEPHEN ROBERT NEALE YOUNG, <br><br> Plaintiff, <br><br> v. <br><br> UNIVERSITY OF HAWAII, *et al.*, <br><br> Defendants. | Case No. 20-cv-00035-DKW-RT <br><br> **ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS.**[1] |

On December 3, 2019, Plaintiff Stephen Young, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP Application") and a civil complaint against the University of Hawaii, its affiliated law school, the American Bar Association, Thomson Reuters, Inc., Breaking Media, Inc., and various individuals associated with these entities. Dkt. Nos. 1, 4. Because the IFP Application reflects that Young does not have the ability to pay the filing fee in this case, the Court GRANTS the IFP Application.

**I.   The IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Young has made the required showing under Section 1915(a).  In the IFP Application, Dkt. No. 4, Young states that he is unemployed and receives a total of approximately $13,200 per year from all sources, including a weekly allowance from his parents.  Further, Young states that he has $150 in a checking or savings account, ten shares of stock valued at $1,935, and an autographed photo collection estimated to be worth roughly $500.  In light of these facts, Young's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2020 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.  In addition, Young has insufficient assets to provide security.  As a result, the Court GRANTS the IFP Application, Dkt. No. 4.

Construing Young's *pro se* Complaint liberally, *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court finds that this action may proceed.  Young

must serve Defendants with a copy of the Summons and Complaint in accordance with Fed.R.Civ.P. 4 and Local Rule 4.1.

## II.  Conclusion

Young's application to proceed *in forma pauperis*, Dkt. No. 4, is GRANTED.

IT IS SO ORDERED.

Dated: January 27, 2020 at Honolulu, Hawaiʻi.



Derrick K. Watson
United States District Judge

---

*Stephen Robert Neale Young v. University of Hawaii, et al.*; Civil No. 20-00035 DKW-RT; **ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**